UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| United States of America ex rel. VERA BOYKIN, <br><br> Plaintiff, <br><br> v. <br><br> MORGAN STANLEY CAPITAL HOLDINGS LLC, VINCENT G. RICIGLIAN, FV-1, INC. IN TRUST FOR MORGAN STANLEY MORTGAGE CAPITAL HOLDINGS LLC, KML LAW GROUP, P.C., STERN, LAVINTHAL & FRANKENBERG, LLC, SEAN ADAMS, RICHARD ABEL, KRISTINA G. MURTHA, BERGEN COUNTY SHERIFF IN HIS INDIVIDUAL CAPACITY, <br><br> DefendantS. | Civ. No. 18-1074 (KM) <br><br> MEMORANDUM and ORDER |

This matter comes before the Court on an "Emergent Motion For TRO/Stay Against the Execution of Writ of Possession." (ECF no. 2) The motion indicates that it was served by mail. A summons has issued, but there is no proof of service in accordance with Fed. R. Civ. P. 4. No defendant has appeared.

The following facts are gleaned from the Verified Complaint and the state court papers attached to the complaint and motion. The action relates to a mortgaged property at 220 West Hudson Street, Englewood, New Jersey.

Preceding this action was a state court foreclosure action:

COUNTRYWIDE HOME LOANS SERVICING LP FOR THE BENEFIT OF HSBC BANK USA, N.A. BY ITS ASSIGNEE HSBC BANK USA, N.A., Plaintiff

v.

1

MIR A. KHAN; MRS. MIR A. KHAN, his wife; MORTGAGE
ELECTRONIC REGISTRATION SYSTEM, INC. AS NOMINEE FOR
WMC MORTGAGE CORP. and VERA BOYKIN, TENANT

(Super. Ct. N.J., Bergen County, Chancery Div., Docket No. F-3805-08). The plaintiff here, Ms. Boykin, is identified in the underlying foreclosure action as a tenant; the owner and mortgagor of the property are identified as Mr. and Mrs. Mir A. Khan.

A final judgment of foreclosure was entered on June 9, 2015. On August 12, 2016, pursuant to a writ of execution, the property was sold at a sheriff's sale. The purchaser was FV-1, Inc. In Trust for Morgan Stanley Mortgage Capital Holdings LLC.

On November 20, 2017, a writ of possession issued in favor of the new owner of the property, entitling it to gain possession from Ms. Boykin, the Khans, and others. The affidavit of service on Mr. Khan states that eviction is scheduled for March 5, 2018. No specific date is given for the eviction of Ms. Boykin.

Ms. Boykin's complaint and motion attach copies of UCC Financing Statements that she has filed with the County Clerk. These purport to create a lien against the property in the amount of $100 million for a total in excess of $200 million. Ms. Boykin names herself as the "record owner" of the real estate and "secured party." She also seems to be asserting the rights of Mir A. Khan. Named in the filings as Ms. Boykin's "debtors" are HSBC Bank UA, N.A.; BAC Home Loans Servicing, LP; Mortage Electronic Registration Systems Inc.; WMC Mortgage Corporation; Toby Wells; Ronald Rooney; Keller Williams Realty, Inc.; Armen Azarnia; Computershare Limited; and Specialized Asset Management LLC.

The fourfold standard for injunctive relief requires the plaintiff to demonstrate

> [1] that [s]he is likely to succeed on the merits,
> [2] that [s]he is likely to suffer irreparable harm in the absence of preliminary relief,

[3] that the balance of equities tips in [her] favor, and

[4] that an injunction is in the public interest."

*Winter v. Natural Res. Def. Council, Inc.*, 555 U.S. 7, 20 (2008) (line breaks and numbering added). All four factors are important, but the first two are critical.

1. *Success on the merits.*

First, Ms. Boykin sets forth no recognized basis for a security interest. She states that these parties are indebted to her because they have violated her constitutional rights, but she does not state that she has a judgment against anyone, and she explicitly disclaims any intent to file a lis pendens, for fear that it could be dissolved. One explanation among many is "Record Owner Filing Lien Against Bank So That's Why Banks Are Debtors. Record Owner Is Boykin Inez Vera; State is OK With This." The dates of filing of these UCC statements seem to be March 9, 2014 and November 21, 2016. The mere fact that a county clerk accepts a document for filing does not establish the existence of a debt or imply that the "State is OK" with Ms. Boykin's position. Nothing in the papers before the Court supports the contention that Ms. Boykin is the "record owner" of the property; indeed she attaches documents conclusively establishing that the property has been deeded over to FV-1, Inc. In Trust for Morgan Stanley Mortgage Capital Holdings LLC, pursuant to the Sheriff's sale.

Second, the priority of the mortgage holder's lien was conclusively established in the foreclosure action in 2015. To the extent Ms. Boykin attacks that judgment, the Court lacks subject matter jurisdiction to grant the relief the plaintiffs seek under the *Rooker-Feldman* doctrine. *See District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462, 482 (1983); *Rooker v. Fidelity Trust Co.*, 263 U.S. 413, 416 (1923). *Rooker-Feldman* bars "cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments." *Exxon Mobil Corp. v. Saudi Basic Indus., Inc.*, 544 U.S. 280, 284, 125 S.Ct. 1517 (2005). It prevents the party

3

who did not prevail in state court litigation from collaterally attacking the results of that litigation in federal court, claiming constitutional or other error. See also *B.S. v. Somerset County*, 704 F.3d 250 (3d Cir. 2013).

Third, the relief sought is a stay of eviction pursuant to a judgment of foreclosure and duly issued writ of possession. The plaintiff's general allegations of "corruption" and violations of her constitutional rights are insufficient to set forth any substantial grounds to contest the execution of the writ. Nor does the *post hoc* filing of a lien to secure a debt insulate a tenant from being evicted pursuant to court order from a property that has been sold.

2. *Irreparable Harm/Urgency*

The judgment of foreclosure was entered in 2015. The Sheriff's sale was held in August 2016; the writ of possession issued on November 20, 2017; the only date for eviction that appears in the papers is March 5, 2018, over a month from now. The plaintiff has not demonstrated diligence in pursuit of her rights or a sufficient emergency to justify a temporary restraining order.

**ORDER**

Accordingly, IT IS this 1st day of February, 2018

ORDERED that the motion (ECF no.2) for a temporary restraining order is DENIED. Any further, non-emergent motion practice shall take place in due course on a schedule to be set by the Magistrate Judge.

KEVIN MCNULTY, U.S.D.J.